IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

FILED
JAN - 3 2006
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

DON CALHOUN )
)
Plaintiff, )
)
v. ) CASE NO. C 05-03287-RS
)
NATIONAL MACHINERY, LLC, ) AGREED PROTECTIVE ORDER
)
Defendant. )

THIS CAUSE COMING ON TO BE HEARD pursuant to the agreement of the parties that an order should be entered limiting the disclosure of certain information and documents produced by the parties in connection with discovery in this matter, and in order to expedite discovery and to protect confidential information of the parties,

IT IS HEREBY ORDERED as follows:

1.   Any party may designate items of discovery as "confidential" subject to the provisions of this Order.

2.   Items of discovery which may be designated as confidential under the terms of this Order include, but are not limited to, the following information: private information regarding current or past employees; trade secrets; proprietary commercial and financial information; research, development, and control procedures and processes; product and material specifications; any process, mechanism, compound or information used or developed by or for any party in its business operations; testing procedures and results; and, product formulas and product designs.

3. Copies of documents produced or information disclosed for which confidential status is claimed shall be stamped or labeled "Confidential", or otherwise identified as such, and maintained in confidential status subject to the provisions of this Order, and pursuant to Civil L.R. 79-5.

4. If a question asked at a pretrial deposition calls for an answer containing confidential information, or if the question contains confidential information, counsel for the party seeking confidential treatment of that information shall within 20 days after receipt of the transcript of the deposition notify all other counsel on the record or in writing that the information provided in such answer or question is considered confidential and designate the specific portions or the entirety of the transcript of such deposition which shall thereafter be subject to the provisions of this Order. Prior to 20 days after receipt of the transcript of the deposition, all information shall be considered and treated as confidential.

5. Information and documents designated confidential in accordance with the Order shall be used solely for the purpose of this litigation, and unless the Court for good cause shown rules otherwise, such information shall not be disclosed to any person other than: (a) counsel of record in this litigation; (b) the clerical and paralegal staff of counsel of record in this litigation employed during the preparation for and trial of this action; (c) Plaintiff and the employees of the parties to this litigation who need to know the information in order to litigate this suit; and (d) persons retained by any party to furnish expert services or advice or to give expert testimony in this litigation. Confidential information or documents disclosed to any such person shall not be disclosed by him or her to any other person not included within the foregoing subparagraphs (a) through (d) of this paragraph 5, nor shall any such information be used by any such person for any purpose other than the preparation and trial of this litigation.

209664/0004/802845/Version #:1

6. By accepting copies of or access to documents or information designated by any party as confidential under this Order, said person submits to the jurisdiction of this Court and agrees to be bound by the terms of this Order.

7. Counsel shall require any potential expert who is to obtain access to information or documents designated confidential pursuant to this Order pursuant to paragraph 5(d), prior to the receipt of such information or documents, to sign a written statement, to be held by said counsel, submitting to this Court's jurisdiction for the purpose of enforcing this Order. The form of such statement shall be consistent with Exhibit A hereto.

8. If counsel for any party objects to the designation of any information as confidential, he or she shall notify all counsel of record of the objection, and if disputes regarding the objection cannot be resolved by agreement, the objecting party may move this Court for an order denying confidential treatment to the information or documents in question. If such a motion is filed, the information and documents shall be kept confidential pending ruling on the motion.

9. On final termination of this litigation, all information or documents designated as confidential pursuant to this Order, including all copies thereof and notes made therefrom, shall be returned by all persons who have been provided access to such confidential information and documents, including persons retained to furnish expert services or advice or to give expert testimony in this action, to counsel for the party that produced the information and documents. The termination of proceedings in this litigation shall not relieve any person to whom confidential material has been disclosed from the obligations of this Order, unless the Court orders otherwise.

10. Any evidence marked "Confidential" in accordance with this Order, and which is otherwise admissible, may be used at the trial of this litigation, provided that any such information made a part of the record in that case is filed under seal if allowed by the Court or, if not allowed by the Court, provided that such information is otherwise maintained in as confidential a manner as it can reasonably be maintained by the parties.

ENTER:

By: _____
            Judge

Dated: 12/28/05

AGREED:

_____
One of the Attorneys for Plaintiff
DON CALHOUN

_____
One of the Attorneys for Defendant
NATIONAL MACHINERY, LLC

209664/0004/802845/Version #1.1

## STATEMENT OF EXPERT

The undersigned states that he has been retained by _____ in the action entitled <u>Don Calhoun v. National Machinery, LLC</u>, Case No. C 05-03287-RS, pending in the United States District Court for the Northern District of California, San Jose Division, that he or she has read the Agreed Protective Order entered by the Court in connection with that case, and that in return for the right to have access to confidential information or documents in the case he or she agrees to comply with the terms of the Agreed Protective Order, and he or she submits to the personal jurisdiction of said Court for the purpose of enforcement of the Agreed Protective Order.

_____
Name

Dated: _____

**EXHIBIT A**

209664/0004/802845/Version #:.1